IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS PITTER,
also known as
MICHAEL FRANCOIS,

                Petitioner,

    v.                              CASE NO. 11-3223-RDR

SHELTON RICHARDSON,

                Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se and submitted the filing fee.

*Background*

Petitioner was convicted pursuant to his guilty plea in Case No. 09-cr-20133-JWL. The court notes that petitioner filed a notice of appeal in that action on January 12, 2012.

In this action, petitioner alleges his detention is unlawful, and he asserts the United States Attorney exceeded his authority in bringing charges against him. He also alleges he was prosecuted in the wrong federal district court.

**Discussion**

The post-conviction remedies available to a federal prisoner include a motion to vacate filed under 28 U.S.C. § 2255 and a

petition for habeas corpus filed pursuant to § 2241. These remedies are distinct. As the U.S. Court of Appeals for the Tenth Circuit recently explained: "Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence must be brought under §2255 and in the district that convicted and sentenced him....Meanwhile, § 2241 petitions ... are generally reserved for complaints about the *nature* of a prisoner's confinement...." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).

Here, because petitioner seeks to challenge the legality of his conviction, the appropriate remedy is a motion under § 2255 rather than a petition under § 2241.

Because a petitioner generally may proceed under § 2255 only once, this court will not construe the present action as such a motion and will dismiss the matter without prejudice and will deny petitioner's motion to amend. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002)(discouraging the recharacterization of a petition as a motion under § 2255 "out of concern that a subsequent §2255 motion would be considered successive and barred under AEDPA...")(internal quotations omitted).

Due to the limits on the remedy under § 2255, petitioner may wish to consult with his appellate counsel before he proceeds.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion to amend the petition (Doc. 2) is denied.

A coy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 27th day of January, 2012, at Topeka, Kansas.

                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States District Judge

3